HAZOURI, J.,
concurring specially.
The reason why the state moved to perpetuate the out-of-state victim’s testimony is because the trial court, immediately after continuing the case, suggested to the state that it pursue that remedy:
[Y]ou might wanna bring [the out-of-state victim] in and let [the defense] get the depo. You can perpetuate, if it’s going to be cost prohibitive and she can’t come back and you wanna file an affidavit, start drafting that now ... But to continue to put it off you’re going to have the same problem and it could be me again and then I’m not going to delay. So, bring her in, let her be deposed, file a motion to perpetuate if she can’t come back. You do the affidavit, check in your office. People have done it before and then in this economy ... if you [want to] perpetuate, she comes in, if we don’t have a jury and I’m not in trial with you, then we can perpetuate right here in this courtroom and preserve her testimony for future trials, even if it is not with me.
[[Image here]]
If I grant the motion [to perpetuate] [the defense] can still be heard and say ‘I object, Judge,’ but ask her in her deposition ... if she’s got the money to fly back because the State ... may not have the money to fly [her] back. So it’s really her economic status. If she says ‘I don’t have the money,’ that’s one of the things and especially if she’s not available next week. So get all of that on the record, put that in your motion to perpetuate, I’ll hear that motion tomorrow morning at 10 a.m.... and have her here in the courtroom in case there are other questions, I’ll swear her in. If I rule that she’s not going to be available for next week’s trial, [the defendant] is going to be present, the court reporter is here, we’ll put her on the witness stand, I’ll ... call [court technology services] this afternoon to have her filmed, put it on a DVD because it is like a trial setting. I will be here making rulings on objections, anything you all need, the same thing that would happen is just we don’t have a jury. If you want I’ll put my deputies in the box so it’ll look like you got a jury. They’ll put the jackets on. So, we’ll set it up as if it were a real *685 trial, that’s what perpetuation is. I’ll have ruled on every pending motion. Only thing you will need to do is come in here [in the future] and pick your jury....
I believe that the trial court departed from its neutral role by suggesting that the state perpetuate the out-of-state victim’s testimony, instructing the state on how to establish the basis for the perpetuated testimony, and offering court resources to preserve the perpetuated testimony. The proper exercise of discretion would have been for the court, upon continuing the trial, to let the state solve its own problem by attempting to arrange for the victim to return for trial. Instead, the court interjected itself into helping the state preserve its case for trial. If the court had not done so, then perhaps the state never would have attempted to perpetuate the victim’s testimony.
But for the fact that the defendant did not raise in this appeal the trial court’s departure from its neutral role, my colleagues and I would have reversed on that issue as well.